UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CURTIS LAYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:07-CV-380 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 17] to the Report and Recommendation ("R&R") filed by United States Magistrate Judge C. Clifford Shirley [Doc. 16]. Magistrate Judge Shirley found that the Administrative Law Judge ("ALJ") properly reviewed and weighed all of the medical source opinions to determine that plaintiff does not suffer from a severe impairment and, therefore, is not disabled and that the ALJ's findings and conclusions were supported by substantial evidence. Accordingly, Magistrate Judge Shirley recommended that plaintiff's motion for judgment on the pleadings [Doc. 10] be denied and that defendant's motion for summary judgment [Doc. 14] be granted.

Plaintiff filed an application for a period of disability insurance benefits and supplemental security income payments with the Social Security Administration which was denied both initially and upon reconsideration. Plaintiff requested a hearing to review the denial of her claim which was heard by an Administrative Law Judge ("ALJ") on May 7,

2004.  A supplemental hearing was held on December 8, 2004.  On June 27, 2005, the ALJ issued his decision finding that plaintiff was not disabled because he did not have an impairment or combination of impairments that was "severe."  Plaintiff appealed the ALJ's decision but the Appeals Council denied plaintiff's request for review and thus, the decision of the ALJ became the final decision of the Commissioner.  Plaintiff filed a complaint before this Court for judicial review of the Commissioner's decision [Doc. 1].  The parties filed cross-motions for summary judgment [Docs. 10, 14], on which Magistrate Judge Shirley issued his R&R [Doc. 16].

## I.    Standard of Review

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla but less than a preponderance.  *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994).  The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions.  *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989)

2

Case 3:07-cv-00380   Document 18   Filed 03/24/09   Page 2 of 8   PageID #: 86

(citations omitted). If substantial evidence supports Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Id.*; *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## II. Analysis

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a *de novo* review of those portions of the R&R to which plaintiff objects. In considering the plaintiff's objections to Magistrate Judge Shirley's determination, the Court has independently reviewed the entire record, including the R&R and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

### A. Objection That There is Not Substantial Evidence to Support the ALJ's Finding that Plaintiff Does Not Have a Severe Impairment

Plaintiff states that the ALJ's finding that plaintiff suffered no severe impairment is unsupported by any evidence and is directly contradicted by the reports of plaintiff's treating physician, Dr. Johnson, and the state agency reviewing physicians. The Court disagrees as it finds that the ALJ's finding is supported by the evidence, including the reports of the state agency reviewing physicians, and though Dr. Johnson opined that plaintiff suffered from a severe impairment, the ALJ stated reasons for giving this opinion less weight.

There is objective evidence in the record which supports the ALJ's finding that plaintiff did not suffer from a severe impairment including: x-rays showing <u>mild</u> degenerative disk disease of the lumbar spine (Tr. 206), <u>normal</u> chest results except for bilateral

pulmonary hyperinflation suggestive of obstructive pulmonary disease (Tr. 205), a <u>negative</u> study of the abdomen, cervical spine, knees, ankle, hands, feet, shoulders, and sacroiliac joints, and <u>minimal</u> osteophytic lipping of L3 through L5 without loss of vertebral body height or disc spacing and no evidence of spondylysis or spondylolisthesis (Tr. 196-97, 200; 203, 262-68); two MRIs of the brain within <u>normal</u> limits (Tr. 198-99, 251), and <u>negative</u> results of laboratory tests for Rheumatoid Factor, Sed Rate,[1] Anti Nuclear Antibody, and Lyme Disease (Tr. 219, 222-23, 269-71).

The ALJ considered Dr. Johnson's opinion but determined that it was not entitled to controlling weight because it was not well supported by medically acceptable clinical and laboratory diagnostic techniques and it was inconsistent with the other substantial evidence in the record. (Tr. 30.) The ALJ stated that Dr. Johnson's opinions were simply regurgitations of the symptoms reported by plaintiff. (Tr. 30.) A review of the objective medical data as stated above shows, at most, mild or minimal medical conditions, and not a severe impairment as found by Dr. Johnson. Thus, the objective medical data supports the conclusion by the ALJ that Dr. Johnson's opinion should be given little weight.

Citing to two Physical Residual Functional Capacity Assessment forms (Tr. 242-48; 296-301), plaintiff also asserts that the ALJ's finding that plaintiff had no severe impairment is directly contradicted by the reports of the state reviewing physicians. Both state reviewing

---

[1] A report dated November 21, 2002 reveals that his Sed Rate was 12, with 0-10 being normal. (Tr. 219.) However, a report dated April 23, 2003 indicates that his Sed Rate was 6. (Tr. 270.)

4

physicians performed a residual functional capacity assessment and found that plaintiff could occasionally lift 20 pounds, could frequently lift 10 pounds, could stand and/or walk for about 6 hours in an 8-hour workday, could sit with normal breaks for about 6 hours in an 8-hour workday, could occasionally climb, balance, stoop, kneel, crouch, and crawl, was otherwise unlimited in his ability to push and/or pull, had no manipulative, visual, or communicative limitation. (Tr. 242-48; 296-301.) One of the state reviewing physicians found that plaintiff he needed to avoid concentrated exposure to vibration but otherwise both physicians also found that he was unlimited in his ability to face environmental situations. (Tr. 246; 300.) These findings do not contradict the ALJ's finding that plaintiff does not suffer from a severe impairment.

Finally, plaintiff states that both of the psychologists who examined plaintiff, Dr. Richard Adlin and Dr. K. Shannon Wilson, thought that plaintiff had a severe impairment. This is not what the record indicates. Dr. Adlin specifically reports that,

> [T]he claimant's depression is secondary to his medical condition, and should remit if his medical condition improves. Therefore, his depression does not interfere with his ability to sustain concentration and persistence. He is able to independently initiate activities, but reports that he cannot sustain activity due to pain. According to the patient, his social interaction is moderately limited due to his depression, as well as his medical condition. The patient's independence and judgment are not considerably impaired by his mood disturbance.

(Tr. 306.) Dr. Wilson specifically reports that,

> [A]t this time, it is the opinion of this examiner that Mr. Layman's psychological limitations are mild to moderate, and that his physical limitation appear to be those that are most likely to affect his work performance. Disregarding his physical symptoms, it seems likely that Mr. Layman would be able to adapt psychologically to some work environments.

5

(Tr. 383.) Both of these psychologists indicated some concern about plaintiff's physical limitations but their role was to evaluate plaintiff's mental limitations and their reports support the ALJ's conclusion that plaintiff did not have severe mental impairment.

The Court concludes that there is substantial evidence to support the ALJ's finding that plaintiff did not suffer from a severe impairment. Accordingly, plaintiff's first objection to the R&R will be overruled.

### B. Objection That the ALJ Failed to Accord Proper Weight to Dr. Johnson's Opinion That Plaintiff Suffers From Fibromyalgia

Plaintiff argues that there is no evidence in the record that plaintiff does not suffer from fibromyalgia, and thus, Dr. Johnson's opinion that plaintiff does suffer from fibromyalgia is uncontradicted. Because fibromyalgia cannot be confirmed by objective testing, the process of diagnosing fibromyalgia requires that the examining doctor (1) test a series of focal points for tenderness, and (2) rule out other possible conditions through objective medical and clinical trials. *See Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 817-19 (6th Cir. 1988). As discussed above, Dr. Johnson's conclusions are simply regurgitations of plaintiffs symptoms that are inconsistent with the medical records based upon diagnostic testing. There is no evidence in the record that Dr. Johnson performed any tests for focal point tenderness, and thus he could not properly diagnose plaintiff with fibromyalgia. Accordingly, the ALJ did not err in failing to consider whether plaintiff suffered from fibromyalgia that severely impaired him and plaintiff's second objection will be overruled.

6

### C. Objection to the Court's Speculation Regarding What Findings the ALJ Would Have Made Had He Proceeded Past the Second Stage Severity Hurdle

Plaintiff argues that the Court is not permitted to speculate as to what findings the ALJ would have made had he properly proceeded past the second stage severity hurdle and properly evaluated plaintiff's residual functional capacity. The Court agrees that the R&R makes a determination that even if the evidence did not support a finding that plaintiff does not suffer a severe impairment, remand is unnecessary because that there is substantial evidence in the record to support a finding that plaintiff is not disabled since he is capable of performing sedentary work. However, the Court does not find this determination improper.

In his motion for summary judgment [Doc. 14], the Commissioner relies upon *Berryhill v. Shalala*, 1993 WL 361792, at *7 (6th Cir. Sept. 16, 1993), to support his position that the Court may make this determination because, though the Court should review the ALJ's decision based upon the grounds noted in the decision, the Court can also review for harmless error. Quoting a First Circuit case, the *Berryhill* court elaborates,

> While agency decisions must be sustained, if at all, on their own reasoning, . . . this principle does not mechanically compel reversal when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of [the] decision reached. Where a subsidiary finding is unfounded, the court will remand the case to the agency for further consideration only if the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture.

*Id.* (quoting *Kurzon v. U.S. Postal Serv.*, 539 F.2d 788, 796 (1st Cir.1976)) (internal citations and quotations omitted). Despite a prohibition against review for harmless error of some

7

agency decisions, review for harmless error is permitted in the social security context because determination of disability is not a decision that the agency alone is authorized to make. *Pechatsko v. Comm'r of Soc. Sec.*, 369 F. Supp. 2d 909, 914 (N.D. Ohio 2004) (citing 42 U.S. C. § 405(g) (allowing the court "to enter, upon the pleadings and the transcript of the record, a judgment, affirming, modifying, or reversing the decision of the Commissioner.")); *see also Lohr v. Comm'r of Soc. Sec.*, 559 F. Supp. 2d 784, 793 (E.D. Mich. 2008). Because a reviewing court may evaluate the commissioner's determination for harmless error, plaintiff's third objection will be overruled.

## III. Conclusion

Finding no error in the R&R, the Court will overrule plaintiff's objections [Doc. 17]; accept in whole the R&R [Doc. 16]; deny plaintiff's Motion for Judgment on the Pleadings [Doc. 10]; grant defendant's Motion for Summary Judgment [Doc. 14]; affirm the Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental security income payments; and dismiss this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE